2003 WY 133

**Roberta Renee KELLY, Appellant (Defendant),**

v.

**Gary Eugene KELLY, Appellee (Plaintiff).**

No. 02–175.

Supreme Court of Wyoming.

Oct. 23, 2003.

Representing Appellant: Ronald E. Triggs, Law Offices of Ronald E. Triggs, Cheyenne, WY.

Representing Appellee: Daniel G. Blythe, Cheyenne, WY.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, Roberta Kelly (wife), seeks review of an order of the district court dividing the military pension due Appellee, Gary Kelly (husband). It is wife's contention that the district court erred in dividing the pension benefits. We will reverse and remand with directions that the district court conform its order in a manner consistent with this opinion.

**ISSUE**

[¶ 2] Wife states this issue:

Did the court err in applying the number of 25 years as the denominator in the formula for determining [wife's] propor-

tionate share of [husband's] military pension?

Husband offers this modification of that issue:

Did the court have sufficient evidence to support the finding of fact contained in the Order Granting Defendant's Petition to modify the Decree of Divorce.

## FACTS

[¶ 3] The parties were married on May 10, 1971, and were divorced on November 18, 1992. As a part of the property settlement, the district court awarded wife a portion of husband's military pension to be effective when he retired from military service. Husband first became associated with the United States military on July 10, 1969, when he joined the Wyoming Army National Guard. On February 15, 1983, he became a part of the Active Guard and Reserve Program (AGR), and all of his military time was consolidated for the purpose of establishing a 20–year retirement period for the AGR Program. That retirement triggered a provision of the divorce decree that provided for a division of his military retirement. In this respect the decree provided:

The court finds that Gary Eugene Kelly has been a member of the United States Army since February 15, 1983.... The court further finds that during said active and creditable service [wife] and [husband] were married nine years. That the court orders the Secretary of the Army by and through its finance office to, beginning on the date that Gary Eugene Kelly begins receiving his military retirement, to pay directly to Roberta Renee Kelly an amount of money pursuant to the following formula:

$$\frac{9}{\text{Total No. yrs. of service}} \times 50\% = \text{Wife's share}$$

Said payments will be calculated as if [husband] was a major at the time of retirement even though he may be of higher rank. Any increase in rank after this decree of divorce which represents an increase in pension benefits shall all belong to [husband]. Cost of living increases for a major from the date of divorce to retirement shall be included to calculate [wife's] share of retirement. Said payments shall continue until the date of death of Gary Eugene Kelly or the date of death of Roberta Renee Kelly, whichever comes first.

Said payments under this Judgment and Decree shall be considered a division of property and not as alimony. That this Judgment and Order is meant to comply with the requirements of 10 USCS Section 1408.

In the event this paragraph is deemed to not comply with requirements established by the U.S. Army to divide retirement benefits or for any other reason, this court retains jurisdiction to modify these provisions.

[¶ 4] As it turns out, the military was unable to divide husband's pension without further guidance from the district court.[1] On May 30, 2002, the district court issued an order attempting to clarify the division of husband's pension. That order provided:

1. The cited provision of the original decree is indisputably a property settlement in an unappealed divorce action and is res judicata as it meets every element of that test.

2. The portion of the decree which purports to "retain jurisdiction" is ineffective under the law of Wyoming as the Court cannot bestow upon itself continuing jurisdiction the law does not otherwise allow.

3. The parties do agree, though not through a formal stipulation, that the numerator in the retirement formula set forth in paragraph 4 of the decree is incorrect and should reflect ten (10) years instead of nine (9) years of marriage during creditable service.

---

1. Former Spouse Payments from Retired Pay, 32 C.F.R. pt. 63.4 (2000) provides:

It is the policy of the Uniformed Services to honor a former spouse's request for direct payment from a given member's retired pay in enforcement of a court order that provides for a[sic] alimony, child support, or division of property, when the terms, conditions, and requirements in this part are satisfied.

32 C.F.R. pt. 63.6 (2000) (removed 66 Fed.Reg. 53,958 (October 25, 2001)) sets forth the procedures to be used for a case such as this.

4. The evidence and testimony presented makes clear what the total number of years of service is, twenty-five (25).

5. Paragraph 4 of the decree clearly incorporates the requirements of federal law as it is applied through the rules and regulations of the United States Military.

6. The Court retained not jurisdiction to modify, but instead the power to clarify and interpret its own rulings. To that limited extent, a motion to modify can, and in this circumstance, should be treated as a pleading requesting clarification.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for modification of divorce shall be and same is hereby considered by this Court a request for clarification and interpretation of the Court's ruling in the original decree, and as such the plaintiff's motion for dismissal is rendered moot.

IT IS FURTHER ORDERED that in the face of the United States Army's refusal or inability to divide the property in accordance with paragraph 4 without clarification, paragraph 4 of the original decree is hereby clarified and interpreted to reflect the proper formula for use by the United States Army in determining the wife's share of the retirement should include a numerator of ten (10) years, and a denominator of twenty-five (25) years. The reminder of Paragraph 4 and the remainder of the formula shall not in any way be affected by this order.

IT IS FURTHER ORDERED that the Unites States Army through the Department of Defense or other bureau or finance office shall pay to the wife her lawful retirement share utilizing the original order and this clarification.

[¶ 5] Husband's military orders dated November 29, 2001, released him from active duty and placed him on the retired list effective February 28, 2002, at the rank of Lieutenant Colonel (05). Those orders contain, inter alia, this information:

Vol retirement: 20 years, 01 months, 19 days

Section 1405: 21 years, 01 months, 07 days

Basic pay: 25 years, 10 months, 23 days

### DISCUSSION

[¶ 6] In his treatise on Family Law and Practice, Professor Rutkin provides this guidance for the instant circumstances:

The court may order a definite dollar amount to be paid or may choose a more complex formula. Using a percentage allows an automatic escalator for inflation. A proposed formula to be used when dividing pension as marital property is as follows:

$$\frac{\text{Number of years of active duty}}{\text{Number of years of marriage}} \times \text{½ amount of ret. pay}$$

4 Arnold H. Rutkin, *Family Law and Practice*, § 43.14, esp. 43.14[3] (2003); *also see* 1 Elizabeth Williams, *Marital Property Law*, § 10.05 (Rev. 2nd ed.2003). Any such order may not exceed 50% of a member's disposable retired pay. 10 USCS § 1408(e) (LEXIS 1998). A "court order" includes, pertinent to this matter, a final decree which: "in the case of a division of property, specifically provides for the payment of an amount, expressed in dollars or as a percentage of disposable retired pay, from the disposable retired pay of a member to the spouse or former spouse of that member." 10 USCS § 1408(a)(2)(C).

[¶ 7] Perhaps the most useful guidance for a circumstance such as this is found at the website for the Defense Finance and Accounting Service. *http://www.dfas.mil/money/garnish/fs-qa. htm.* In a section dealing with frequently asked questions, this is found:

**2. My award of a portion of the member's military retired pay as property is expressed as a formula with the numerator as the number of years we were married while the member performed military service creditable for retirement. I was told I had to get a clarifying order because this "number" was not provided in the court order. Why is this the case when our marriage and divorce dates, and the member's service**

**entry date, were given in the court order?**

An award of military retired pay as property expressed as a formula or hypothetical retired pay amount may be enforced under the USFSPA without a clarifying order only if the requirements of the proposed regulations (60 Fed.Reg. 17,507 (1995) (to be codified at 32 CFR pt. 63) (proposed April 6, 1995)) are met. With regard to an award expressed as a formula, the only number supplied by DFAS will be the number of years of creditable service. All other information must be contained in the court ordered formula. With regard to a hypothetical for payment of a retired pay amount, the award must be based on at least 15 years of creditable service, and the only information DFAS will supply is the date of retirement. All other information, such as the member's hypothetical rank or years of creditable service at hypothetical retirement, must be contained in the court order.

[¶ 8] At Former Spouse Payments From Retired Pay, 60 Fed.Reg. 17,508, paragraph (c)(8)(iii) (April 6, 1995) we find this example/explanation of how the formula is supposed to work:

(iii) *Example.* A court order awards the former spouse 25% of the member's monthly retired/retainer pay of a retired rank of Captain with 20 years of service to include the same percentage of cost-of-living increases. The member later retires after 25 years of service as a Major. The monthly retired pay of a Captain with 20 years of service equals $1,000.00 and the monthly retired pay of a Major with 25 years of service is $1,100.00; $1,000.00 divided by $1,100.00 equals .909091. This amount (.909091) multiplied by 25% (amount of former spouse award) is .2272. This 22.72% award is proportionately the same share as the 25% award in the court order except it is expressed in terms of the member's actual rather than hypothetical retirement pension.

[¶ 9] Turning next to Former Spouse Payments from Retired Pay, 32 C.F.R. pt. 63.3(f) (2000) (removed 66 Fed.Reg. 53,958 (October 25, 2001)), we find this definition of "creditable service":

(f) *Creditable service.* Service counted towards the establishment of any entitlement for retired pay.

[¶ 10] As may be readily discerned from Appendix I, *Uniformed Services Former Spouse Protection Act, Dividing Military Retired Pay,* making the calculation is sometimes easy and sometimes complex. In this case it is somewhat complex. The numerator in the district court's formula must be 10 years (or 120 months) because all agree that for purposes of the formula, the parties were married for ten years. The district court intended that the denominator be 20 years (or 240 months) because the body of the order refers to active and creditable service. According to husband's orders, he had 20 years of service creditable to his retirement. The 25–year figure used in the clarifying order appears to be drawn from the basic pay line of husband's orders. So far as we can ascertain, that is an artificial number used to calculate base pay, but is not relevant to the formula. Considering the original order and the clarified order together, we glean these facts that are relevant and necessary to resolution of this case:

(1) The parties were married for over 20 years, but for purposes of dividing the pension at issue, the parties were married for 120 months while husband served in the military service creditable to his retirement benefit.

(2) Husband retired with 240 months of creditable service.

(3) Employing the formula from the original decree, as it was intended to be employed, wife is entitled to a percentage represented by this equation: $120/240 \times .5 = .25$. In other words, wife is entitled to 25% of husband's disposable retired pay, as modified below (*see* 60 Fed.Reg. 17,508, paragraph (c)(8)(iii) (April 6, 1995)).

(4) Payments to wife are to be calculated as if husband was a Major, with retirement credits of 20 years at the time of his retirement, even though he was of a higher rank.

(5) Cost of living increases for a Major, from the date of divorce to retirement (and thereafter) shall be included to calculate wife's share of the retirement.

**CONCLUSION**

[¶ 11] The order of the district court is reversed, and this matter is remanded to the district court for entry of a new clarifying order that is consistent with this opinion.

## APPENDIX I

### UNIFORMED SERVICES FORMER SPOUSE PROTECTION ACT DIVIDING MILITARY RETIRED PAY

GARNISHMENT DIRECTORATE
DEFENSE FINANCE AND ACCOUNTING SERVICE
CLEVELAND, OHIO

DFAS–GAG/CL
P.O. BOX 998002
CLEVELAND, OH 44199–8002

1 866–859–1845
FAX (216) 522–6960
Website *www.dfas.mil/money/garnish/*

### TABLE OF CONTENTS

Page

I.  HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .——

II.  DOCUMENTS NEEDED TO DIVIDE MILITARY RETIRED PAY . . . . . . . . . . .——

III.  REQUIREMENTS FOR ENFORCEABILITY UNDER USFSPA . . . . . . . . . . . . .——

    a.  Soldiers' and Sailors' Civil Relief Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .——

    b.  The 10/10 Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .——

    c.  USFSPA Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .——

IV.  LANGUAGE DIVIDING MILITARY RETIRED PAY . . . . . . . . . . . . . . . . . . . . . .——

    a.  Fixed dollar amount or percentage awards . . . . . . . . . . . . . . . . . . . . . . . . . . .——

    b.  Formula awards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .——

    c.  Hypothetical awards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .——

    d.  Awards expressed using both a formula and a hypothetical award . . . . . . . . .——

    e.  Examples of unacceptable award language . . . . . . . . . . . . . . . . . . . . . . . . . . . .——

### UNIFORMED SERVICES FORMER SPOUSE PROTECTION ACT

### DIVIDING MILITARY RETIRED PAY

## I. HISTORY.

The Uniformed Services Former Spouse Protection Act (USFSPA) was passed by Congress in 1982. The USFSPA gives a State court the authority to treat military retired pay as marital property and divide it between the spouses. Congress' passage of the USFSPA was prompted by the United States Supreme Court's decision in *McCarty v. McCarty* in 1981.[1]

The *McCarty* decision effectively precluded state courts from dividing military retired pay as an asset of the marriage. Justice Blackmun, writing for the majority, stated

**1.** *McCarty v. McCarty,* 453 U.S. 210 [101 S.Ct. 2728, 69 L.Ed.2d 589] (1981)

that allowing a state to divide retired pay would threaten "grave harm to 'clear and substantial' federal interests."[2] Accordingly, the Supremacy Clause of Article VI preempted the State's attempt to divide military retired pay. Congress, by enacting the USFSPA, clarified it's intent that State courts have the power to divide what can be the largest asset of a marriage.

With the passage of the USFSPA, Congress took the opportunity to set forth various requirements to govern the division of military retired pay. Congress sought to make a fair system for military members, considering that their situation often exposes them to difficulties with civil litigation. Therefore, if a member is divorced while on active duty, the requirements of the Soldiers' and Sailors' Civil Relief Act (SSCRA)[3] must be met before an award dividing military retired pay can be enforced under the USFSPA.[4] The USFSPA contains its own jurisdictional requirement.[5] It limits the amount of the member's retired pay which can be paid to a former spouse to 50% of the member's disposable retired pay (gross retired pay less authorized deductions).[6] It requires that the parties must have been married for at least 10 years while the member performed at least 10 years of active duty service before a division of retired pay is enforceable under the USFSPA.[7] It specifies how an award of military retired pay must be expressed.[8]

## II. DOCUMENTS NEEDED TO DIVIDE MILITARY RETIRED PAY.

The USFSPA defines a "court order" dividing military retired pay enforceable under the Act as a "final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such a decree."[9] This also includes an order modifying a previously issued "court order." Since military retired pay is a Federal enti-

tlement, and not a qualified pension plan, there is no requirement that a Qualified Domestic Relations Order (QDRO) be used. As long as the award is set forth in the divorce decree or other court order in an acceptable manner, that is sufficient. It is also not necessary to judicially join the "member's plan" as a part of the divorce proceeding. There is no Federal statutory authority for this. The award may also be set forth in a court ratified or approved separation agreement, or other court order issued incident to the divorce.

In order to submit an application for payments under the USFSPA, a former spouse needs to submit a copy of the applicable court order certified by the clerk of court within 90 days immediately preceding its service on the designated agent,[10] along with a completed application form (DD Form 2293).[11] Instructions, including designated agent names and addresses, are on the back of the DD Form 2293. The Defense Finance and Accounting Service (DFAS) is the designated agent for all uniformed military services. The Form and instructions can be downloaded from our DFAS website at www.dfas.mil. Click on Money Matters, then Garnishments.

## III. REQUIREMENTS FOR ENFORCEABILITY UNDER USFSPA.

### a. Soldiers' and Sailors' Civil Relief Act.

The provision of the SSCRA that has primary application to the USFSPA and the division of military retired pay is the section concerning default judgments against active duty service members. This section requires that if an active duty defendant fails to make an appearance in a legal proceeding, the plaintiff must file an affidavit with the court informing the court of the member's military

2. Id. at 232 [101 S.Ct. 2728].

3. *See* Soldier's and Sailor's Civil Relief Act, 10 U.S.C.App. § 501 et seq.

4. 10 U.S.C. § 1408(b)(1)(D).

5. 10 U.S.C. § 1408(c)(4).

6. 10 U.S.C. § 1408(e)(1).

7. 10 U.S.C. § 1408(d)(2).

8. 10 U.S.C. § 1408(a)(2)(C).

9. 10 U.S.C. § 1408(a)(2).

10. Department of Defense Financial Management Regulation (DoDFMR), Volume 7B, Subparagraph 290601.C. Available over the Internet at www.dod.mil/comptroller/fmr/.

11. Id. at Paragraph 290502.

status. The court shall appoint an attorney to represent the interests of the absent defendant.[12] Since a member has 90 days after separation from active duty service to apply to a court rendering a judgment to re-open a case on SSCRA grounds [13], the SSCRA is not a USFSPA issue where a member has been retired for more than 90 days.

### b. The 10/10 requirement.

This is a "killer" requirement. For a division of retired pay as property award to be enforceable under the USFSPA, the former spouse must have been married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable towards retirement eligibility.[14] This requirement does not apply to the Court's authority to divide military retired pay, but only to the ability of the former spouse to get direct payments from DFAS. This is a statutory requirement, and not a personal right of the member that can be waived. Although this requirement was probably included in the USFSPA to protect members, we have had more complaints about it from members than from former spouses. Assuming that a member intends to meet his or her legal obligations, the member would much rather have us pay the former spouse directly rather than have to write a check each month. It would lessen contact with the former spouse, and the former spouse would receive her or his own IRS Form 1099, instead of the member being taxed on the entire amount of military retired pay.

If we cannot determine from the court order whether the 10/10 requirement has been met, we may ask the former spouse to provide a copy of the parties' marriage certificate. A recitation in the court order such as, "The parties were married for 10 years or more while the member performed 10 years or more of military service creditable for retirement purposes" will satisfy the 10/10 requirement.

12. 10 U.S.C.App. § 520(*l* ).

13. 10 U.S.C.App. § 520(4).

14. 10 U.S.C. § 1408(d)(2).

### c. USFSPA Jurisdiction.

The USFSPA's jurisdictional requirement is found in 10 U.S.C. § 1408(c)(4). This is another "killer" requirement. If it is not met, the former spouse's application for retired pay as property payments under the USFSPA will be rejected. For a court to have the authority to divide military retired pay, the USFSPA requires that the court have "C–4" jurisdiction over the military member in one of three ways. One way is for the member to consent to the jurisdiction of the court. The member indicates his or her consent to the court's jurisdiction by taking some affirmative action with regard to the legal proceeding, such as filing any responsive pleading in the case. Simply receiving notice of filing of the divorce complaint or petition is not sufficient. Consent is the most common way for a court to have "C–4" jurisdiction over a member.

The other ways for the court to have C–4 jurisdiction is for the member to be a resident of the State other than because of his or her military assignment, or for the court to find that the member was domiciled in the particular State. Now, the key with regard to domicile is that it should be the court making this determination, and it should be noted in the divorce decree.

### IV. LANGUAGE DIVIDING MILITARY RETIRED PAY.

### a. Fixed dollar amount or percentage awards.

The major reason for rejecting applications for payments under the USFSPA is that the language dividing retired pay is faulty. The USFSPA states that for an award to be enforceable, it must be expressed either as a fixed dollar amount or as a percentage of disposable retired pay.[15] If a fixed dollar amount award is used, the former spouse would not be entitled to any of the member's retired pay cost of living adjustments (COLA's).[16] Because of the significant effect

15. 10 U.S.C. § 1408(a)(2)(C).

16. DoDFMR, vol. 7B, Paragraph 291103 provides for automatic COLA's only for awards ex-

of COLA's over time, it is infrequent that an award is stated as a fixed dollar amount. The more common method of expressing the former spouse's award is as a percentage of the member's disposable retired pay. This has the benefit to the former spouse of increasing the amount of the former spouse's award over time due to periodic retired pay COLA's.

All percentage awards are figured based on a member's disposable retired pay, which is a member's gross retired pay less authorized deductions.[17] The authorized deductions vary based on the date of the parties' divorce. The principal deductions now include retired pay waived to receive VA disability compensation, disability retired pay, and Survivor Benefit Plan premiums where the former spouse is elected as the beneficiary. Since the United States Supreme Court has ruled that Congress authorized the division of only disposable retired pay, not gross retired pay,[18] the regulation provides that all percentage awards are to be construed as a percentage of disposable retired pay.[19]

Set-offs against the former spouse's award are not permitted. If the former spouse's award is expressed in terms which require an amount to be deducted from the award, such as a percentage of disposable retired pay less some set-off amount (e.g., the Survivor Benefit Plan premium or the former spouse's child support obligation or some other debt), the entire award is unenforceable. This type of award language does not meet the statutory requirement of a fixed dollar amount or percentage. If the award language does meet the requirements of the statute and is acceptable, but has subsequent language in the court order that requires a set-off amount be deducted from the former spouse's share, only the set-off is unenforceable. These determinations are because there is no provi-

sion of the USFSPA that authorizes set-off's. State courts have authority to divide military retired pay only as set forth by the USFSPA.[20] Thus, state court provisions not in accordance with the USFSPA are unenforceable.

There is no magic language required to express a percentage or fixed dollar award. All the divorce decree needs to say is that: **"The former spouse is awarded _____ percent [or dollar amount] of the member's military retired pay."**

### b. Formula awards for divorces while the member is on active duty.

Most of the problems with award language have arisen in cases where the parties were divorced while the member was still on active duty. In these cases, the former spouse's award is indeterminate since the member has not yet retired. Since the parties do not know how much longer the member will remain in military service after the divorce, a straight percentage award may not be suitable. Also, many States take the approach that the former spouse should not benefit from any of the member's post-divorce promotions or pay increases based on length of service after the divorce. These awards are often drafted in such a way that we cannot determine the amount of the award. This causes the parties to have to go back to court and obtain a clarifying order.

A proposed regulation was issued in 1995 that allowed the use of formula and hypothetical awards to divide military retired pay when the parties were divorced prior to the member's becoming eligible to receive retired pay.[21] Although this proposed regulation has never been finalized, it still provides the basis for our review of these types of awards.

A formula award is an award expressed in terms of a marital fraction, where the numer-

pressed as a percentage of disposable retired pay.

**17.** 10 U.S.C. § 1408(a)(4) (amended 1986, 1990).

**18.** *Mansell v. Mansell,* 490 U.S. 581 [109 S.Ct. 2023, 104 L.Ed.2d 675].

**19.** DoDFMR, vol. 7B, Paragraph 290606.

**20.** *Mansell,* 490 U.S. at 581 [109 S.Ct. 2023], illustrates the general principal that state courts may deal with military retired pay only in accordance with the provisions of the USFSPA.

**21.** Former Spouse Payments From Retired Pay, 60 Fed.Reg. 17507 (1995) (to be codified at 32 C.F.R. pt. 63)(proposed Apr 5, 1995).

ator covers the period of the parties' marriage while the member was performing creditable military service, and the denominator covers the member's total period of creditable military service. The former spouse's award is usually calculated by multiplying the marital fraction by ½.

(A) For members retiring from active duty, the numerator is the total period of time from marriage to divorce or separation while the member was performing creditable military service. The numerator, expressed in terms of whole months, must be provided in the court order. Days or partial months will be dropped. DFAS will supply the denominator in terms of whole months of service creditable for retirement, and then work out the formula to calculate the former spouse's award as a percentage of disposable retired pay. All fractions will be carried out to six decimal places.

For example, assume you have a marriage that lasted exactly 12 years or 144 months. The member serves for 25 years and then retires. Using the above formula, the former spouse would be entitled to ½ × (144/300) = 24.0000% of the members disposable retired pay.

The following language is an example of an acceptable way to express an active duty formula award:

> "The former spouse is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying _____% times a fraction, the numerator of which is _____ months of marriage during the member's creditable military service, divided by the member's total number of months of creditable military service."

(B) In the case of members retiring from reserve duty, a marital fraction award must be expressed in terms of reserve retirement points rather than in terms of whole months. The numerator, which for reservists is the total number of reserve retirement points earned from marriage to divorce or separa-

tion, must be provided in the court order.[22] DFAS will supply the member's total reserve retirement points for the denominator. All fractions will be carried out to six decimal places.

The following language is an example of an acceptable way to express a reserve duty formula award.

> **"The former spouse is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying _____% times a fraction, the numerator of which is _____ reserve retirement points earned during the period of the marriage, divided by the member's total number of reserve retirement points earned."**

c. **Hypothetical awards for divorces while member is on active duty.**

A hypothetical award is an award based on a retired pay amount different from the member's actual retired pay. It is usually figured as if the member had retired on the date of separation or divorce. Many jurisdictions use hypothetical awards to divide military retired pay. Unlike a formula award, a hypothetical award does not give the former spouse the benefit of any of the member's pay increases due to promotions or increased service time after the divorce.

The basic method for computing military retired pay is to multiply the member's retired pay base times the retired pay multiplier.[23] For members entering military service before September 8, 1980, the retired pay base is the member's final basic pay.[24] For members entering military service on or after September 8, 1980, the retired pay base is the average of the member's highest 36 months of basic pay.[25] This will usually be the last 36 months prior to retirement.

The retired pay multiplier is the product of two and one-half percent times the member's years of creditable service.[26] The retired pay multiplier for a member entering military service on or after August 1, 1986, who

22. Id.

23. DoDFMR, Vol. 7B, Paragraph 030102.

24. Id. at Subparagraphs 030102.A through C.

25. Id. at Subparagraph 030108.C.

26. Id. at Subparagraph 030102.D.

is under age 62 and retires with less than 30 years of creditable service is reduced one percentage point for each full year less than 30, and 1/12th of one percent for each full month.[27] The retired pay is recomputed without the reduction when the member attains age 62. The years of creditable service for a reservist are computed by dividing the reserve retirement points on which the award is to be based by 360.[28]

The hypothetical retired pay amount is computed the same way as the member's actual military retired pay, but based on variables that apply to the member's hypothetical retirement date. **These variables must be provided to us in the applicable court order. Failure to do so will cause the court order to be rejected.** The court order must provide: 1) the hypothetical retired pay base, 2) the hypothetical years of creditable service (or reserve points, in the case of a reservist), and 3) the hypothetical retirement date. The principal problem we find with hypothetical awards is that one or more of the necessary variables for the hypothetical retired pay computation is often left out of the court order. If we are not able to compute a hypothetical retired pay figure from the information provided in the court order, the parties will have to have the award clarified by the court.

For members entering military service before February 8, 1980, the hypothetical retired pay base is the member's basic pay at the hypothetical retirement date. Basic pay tables are available at the DFAS website at www.dfas.mil, under Money Matters. Attorneys should be able to obtain the basic pay figure either from the member or from the applicable pay table.

For members entering military service on or after September 8, 1980, the hypothetical retired pay base is the average of the member's highest 36 months of basic pay prior to the hypothetical retirement date. The "high 36 months" will probably be the last 36 months prior to that date. This information is specific to each member. For members retiring from active duty, the pay information can be obtained from either the member during discovery or from his pay center by subpoena. **We at the Garnishment Directorate do not have access to this pay information.** It must be included in the court order dividing military retired pay.

A qualified reservist is not eligible to receive military retired pay until attaining age 60.[29] A reservist's "high 36 months" will be the 36 months prior to his or her attaining age 60. **The hypothetical retired pay base for "high 36 month" reservists does not need to be included in the court order.** We will figure the retired pay base for hypothetical awards against "high 36 month" reservists by using the pay tables in effect for each of the 36 months prior to the member's attaining age 60. But we will figure the hypothetical basic pay based on the member's rank and years of service for basic pay purposes given in the court order.

We will convert all hypothetical awards into a percentage of the member's actual disposable retired pay according to the following method set forth in the proposed regulation.[30]

Assume that the court order awards the former spouse 25% of the retired pay of an E–6 with a retired pay base of $2,040 and with 18 years of service retiring on June 1, 1997. The member's hypothetical retired pay is $2,040 × (.025 × 18) = $918. The member later retires on June 1, 2002, as an E–7 with a retired pay base of $3,200.40 and 23 years of service. The member's actual gross retired pay is $3,200.40 × (.025 × 23) = $1,840.

The former spouse's award is converted to a percentage of the member's actual disposable retired pay by multiplying 25% times $918/$1,840, which equals 12.4728%. This converted percentage is the former spouse's award, and will be set up in the retired pay system. While the percentage number has been reduced, the amount the former spouse re-

---

27. Id.

28. Id. at Subparagraph 010301.F.

29. Id. at Subparagraph 010108.B.

30. Former Spouse Payments From Retired Pay, 60 Fed.Reg. 17507, 17508 (1995) (to be codified at 32 C.F.R. pt. 63) (proposed Apr 5, 1995).

ceives is the correct amount intended by the court, because the lower percentage is multiplied against the higher dollar amount of the member's actual disposable retired pay. This percentage will be applied each month to the member's disposable retired pay to determine the amount the former spouse receives. The former spouse will automatically receive a proportionate share of the member's cost of living adjustments (COLA's).[31]

The hypothetical retired pay amount is a fictional computation, since the member is not actually retiring as of the date his or her retired pay is divided. Our goal in computing a hypothetical retired pay award is to make the computation in a way that is reasonable and equitable to both the member and former spouse. In order to do this, we will compute the hypothetical award as if the member has enough creditable service to qualify for military retired pay as of the hypothetical retirement date, even if he or she did not.

Also, a member who retires with less than 20 years of creditable service has a reduction factor applied to his or her retired pay computation.[32] But the only time we will apply a reduction factor to the hypothetical retired pay calculation is if a reduction factor was used to compute the member's military retired pay. In that case, we would apply the same reduction factor to both computations to achieve equity.

As we mentioned above, the retired pay multiplier for a member entering military service on or after August 1, 1986, who is under age 62 and retires with less than 30 years of creditable service is reduced one percentage point for each full year less than 30, and 1/12th of one percent for each full month. But in converting the former spouse's percentage award to a percentage of the member's actual disposable retired pay (as shown above), we will re-compute the member's actual gross retired pay without using the reduced multiplier. This will be done to achieve equity, since we will not use a re-

duced multiplier to compute the hypothetical retired pay amount.

The following language is an example of an acceptable way to express an active duty hypothetical award.

**"The former spouse is awarded \_\_\_\_\_% \* of the disposable military retired pay the member would have received had the member retired on \_\_\_\_\_(Date) with a retired pay base of _____ with _____ years of creditable service."**

\* Percentage may be computed using a marital fraction as discussed above.

The following proposed language is an example of an acceptable way to express a reserve duty hypothetical award.

**"The former spouse is awarded \_\_\_\_\_% \* of the disposable military retired pay the member would have received had the member become eligible to receive military retired pay on \_\_\_\_\_(Date) \*\* at the rank of _____ with _____ reserve retirement points and _____ years of service for basic pay purposes."**

\* Percentage may be computed using a marital fraction.

\*\* The date the member attains age 60 and is eligible to receive military retired pay.

**d. Awards expressed using both a formula and a hypothetical award.**

The following proposed language is an example of an acceptable way to express an award using both an active duty marital fraction and an active duty hypothetical award together.

**"The former spouse is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying \_\_\_\_\_% times a fraction, the numerator of which is _____ months of marriage during the member's creditable military service, divided by the member's total number of months of creditable military service at retirement. For the purpose of this computation, the**

---

31.   See DoDFMR, Vol. 7B, Paragraph 290606.

32.   Id. at Subparagraph 030110.A.

member's military retired pay is defined as the military retired pay the member would have received had the member retired on _____(Date) with a retired pay base of _____ with _____ years of creditable service."

The following proposed language is an example of an acceptable way to express an award using both a reserve duty marital fraction and a reserve duty hypothetical award together.

"The former spouse is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying _____% times a fraction, the numerator of which is _____ reserve retirement points earned during the period of the marriage, divided by the member's total number of reserve retirement points earned. For the purpose of this computation, the member's military retired pay is defined as the military retired pay the member would have received had the member become eligible to receive military retired pay on _____(Date) * at the rank of _____ with _____ reserve retirement points and _____ years of service for basic pay purposes."

\* The date the member attains age 60 and is eligible to receive military retired pay.

**e. Examples of unacceptable former spouse award language.**

1. "The former spouse is awarded one-half of the community interest in the member's military retired pay."

Here, there is no way for us to determine the community interest unless a formula for calculating it is provided elsewhere in the court order.

2. "The former spouse is awarded one-half of the member's military retirement that vested during the time of the marriage."

The problem here is that there is no way for us to determine an amount or percentage. Military retired pay is a Federal entitlement, which the member either qualifies for or does not. It does not vest in any way prior to the member's retirement.

3. "The former spouse is awarded one-half of the accrued value of the member's military retirement benefits as of the date of the divorce."

The problem here is similar to that above. Since military retired pay is a statutory entitlement, there is no value that accrues prior to the member's retiring.

4. "The former spouse shall be entitled to 42% of the member's military retirement based on the amount he would have received had he retired as of the date of the divorce."

Since we do not have access to the member's active duty service information, there is no way for us to determine the member's rank or years of active duty service as of the date of divorce. Thus, there is no way for us to compute a hypothetical retired pay amount.

5. "The former spouse is a awarded a portion of the member's military retired pay calculated according to the Bangs formula."

Here, the court order presupposes that we are familiar with that State's laws and know what the Bangs formula is, or that we are able to do legal research to resolve an ambiguity in a court order.

6. "The former spouse is awarded an amount equal to 50% of the member's disposable retired pay less the amount of the Survivor Benefit Plan Premium."

The amount of the former spouse's award must be expressed either as a fixed dollar amount or as a percentage of disposable retired pay. This award does not meet that requirement.

This handout is prepared by the Garnishment Operations Directorate, Defense Finance and Accounting Service, Cleveland Center. It may be freely circulated, but not altered without permission. Revised 3/18/03.