# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 21

OCTOBER TERM, A.D. 2022

March 13, 2023

WENDY L. STONE,

Appellant
(Plaintiff),

v.                                                          S-22-0138

DARYL D. STONE,

Appellee
(Defendant).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
        M. J. Hall, Toni E. Hartzel, Lance & Hall LLP, Cheyenne, Wyoming.

*Representing Appellee:*
        Sue Davidson, Aspen Ridge Law Offices, P.C., Cheyenne, Wyoming.

*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]     Wendy L. Stone (Wife) and Daryl D. Stone (Husband) were married in 1979 and divorced in 2003.  During their marriage, Husband served in the military.  The parties' stipulated *Decree of Divorce* (the "Decree") granted Wife "an amount equal to *Fifty Percent (50%) of the Marital Portion of [Husband's] disposable retired pay*" under his military retirement plan and provided a formula to calculate the marital portion based on Husband's months of service.  The use of "months" rather than "reserve points" in the formula prevented Wife from being able to collect her share of Husband's military retired pay.  In 2021, Wife filed a motion for relief under W.R.C.P. 60(a) and (b)(6).  The district court denied Wife's motion for relief.  Wife appeals the court's holding on W.R.C.P. 60(a).  We reverse and remand.

## *ISSUE*

[¶2]     Whether the district court erred when it denied Wife's motion under W.R.C.P. 60(a).

## *FACTS*

[¶3]     The parties married in April 1979 and divorced in April 2003.  Prior to, during, and after his marriage to Wife, Husband served in various capacities in the United States military.  The Decree granted Wife "an amount equal to *Fifty Percent (50%) of the Marital Portion of [Husband's] disposable retired pay* under [Husband's military retirement] Plan as of his benefit commencement date."  The Decree then provided a formula to calculate the marital portion of Husband's military retired pay based on months of service during the parties' marriage.

[¶4]     Unknown to Wife, Husband retired from military service in 2009 and began receiving retired pay.  In early 2017, when Wife first believed Husband to be eligible to receive retired pay, Wife submitted an *Application for Former Spouse Payments from Retired Pay* to the Defense Finance and Account Service (DFAS) to collect her 50% share.  About a month later, DFAS notified Wife the agency could not process the application because the Decree incorrectly stated the marital portion formula in terms of "months" rather than "reserve points."  DFAS required Wife to obtain a clarifying order correcting the formula to use "reserve points" before it could distribute retirement proceeds under the Decree.[1]

---

[1] This Court notes, as it did in *Crayk v. Glover*, 2008 WY 14 ¶ 8, 176 P.3d 645, 647 n.2 (Wyo. 2008), that "DFAS is the federal agency responsible for disbursing retirement payments to members of the military" and "for directing eligible payments to spouses" pursuant to the Uniformed Services Former Spouses' Protection Act (USFSPA).  As such, DFAS-mandated language is relevant when interpreting whether the Decree warrants Rule 60(a) clarification. *Id.*

[¶5] To comply with the DFAS distribution requirement, Wife filed a motion seeking relief under W.R.C.P. 60(a) and (b)(6) in December 2021. Husband opposed the motion and the district court set the matter for a hearing in February 2022.

[¶6] The district court issued its order denying the motion under Rule 60(a) and (b)(6) in March 2022. The court denied 60(a) relief because "the alleged error [the use of "months" instead of "reserve points"] is a substantive provision and part of a formula utilized to determine [Wife's] share of [Husband's] retirement. It was the result of judicial reasoning and deliberation."

## DISCUSSION

[¶7] The property settlement section of the Decree relating to Wife's share of Husband's military retired pay stated:

> This Order assigns to the former spouse at the time of [Husband's] retirement from the military, an amount equal to *Fifty Percent (50%) of the Marital Portion of [Husband's] disposable retired pay* under the Plan as of his benefit commencement date. The Martial [sic] Portion shall be determined by multiplying [Husband's] disposable retired pay by a fraction, the numerator of which is the number of months of [Husband's] creditable service in the Plan earned during the marriage (which shall be defined as One Hundred Eighty (180) Months), and the denominator of which is the total number of months of [Husband's] creditable service in the Plan as of his date of retirement.

(emphasis in original).

[¶8] W.R.C.P. 60(a) states that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment[.]" This Court has long held "the central purpose of Rule 60(a) is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent." *Snyder v. Snyder*, 2021 WY 101, ¶ 12, 495 P.3d 876, 879 (Wyo. 2021) (citing *In re Kite Ranch, LLC v. Powell Family of Yakima, LLC*, 2008 WY 39, ¶ 18, 181 P.3d 920, 925 (Wyo. 2008)); *see also Spomer v. Spomer*, 580 P.2d 1146, 1149 (Wyo. 1978). Further, we have held "the rule is remedial and is to be liberally construed." *Elsasser v. Elsasser*, 989 P.2d 106, 108 (Wyo. 1999) (citation omitted); *see also Snyder*, ¶ 12, 495 P.3d at 879.

[¶9] With this precedent in mind, courts employ a two-part analysis when addressing a Rule 60(a) request for relief. *Snyder*, ¶ 13, 495 P.3d at 879 (Wyo. 2012) (citing *Loran v. Loran*, 2015 WY 24, ¶ 27, 343 P.3d 400, 406 (Wyo. 2015)). First, a court considers

whether the requested correction or clarification relates to a "clerical mistake." *See id*.; *see also* W.R.C.P. 60(a). We have interpreted Rule 60(a) to authorize courts "to clarify an ambiguous property settlement provision provided in the original decree in order to effectuate the provision." *Wyland v. Wyland*, 2006 WY 93, ¶ 9, 138 P.3d 1165, 1168 (Wyo. 2006) (quoting *Glover v. Crayk*, 2005 WY 143, ¶ 7, 122 P.3d 955, 957 (Wyo. 2005)). Second, a court determines whether the proposed correction or clarification modifies the original judgment. *See Snyder*, ¶ 13, 495 P.3d at 879. Both parts of the analysis raise questions of law, which we review de novo. *Id*.

[¶10] Only reaching the first part of the Rule 60(a) analysis, the district court determined the use of "months" in the formula for the marital portion could not constitute a clerical mistake because it was "a substantive provision . . . . [T]he result of judicial reasoning and deliberation."

[¶11] We disagree. We understand how the court exercised its judicial reasoning and deliberation when it approved the parties' stipulation as to the *percentage* (50%) of the marital portion of Husband's disposable retired pay Wife should receive. But the formula to calculate the marital portion of his disposable retired pay simply tracks the model language published by DFAS in its *USFSPA*: *Dividing Military Retired Pay* for service members who retire from active duty. *See Kelly v. Kelly*, 2003 WY 133, App. I., 78 P.3d 220, 228 (Wyo. 2003). When a retirement plan member retires from active duty, the DFAS formula uses "months[.]" *Id.* In contrast, when a retirement plan member, like Husband, retires from the reserves, the DFAS formula uses "reserve points," not "months[,]" to calculate the marital portion of disposable retired pay. *Id.*

[¶12] By refusing to clarify this formulaic ambiguity and apply the DFAS formula appropriate to Husband's reserve service at retirement, the Decree now affords Wife 0% of the marital portion of Husband's disposable retired pay. In other words, the court has negated rather than effectuated the clear intent of the Decree that Wife receive a property settlement valued at 50% of the marital portion of Husband's disposable retired pay.[2] Because the months-based formula prevents the judgment that was entered from reflecting the judgment that was rendered, the correction or clarification Wife requested is, under our precedent applying Rule 60(a), a "clerical mistake." *Wyland*, ¶ 11, 138 P.3d at 1169.

[¶13] We next consider whether the relief Wife requested would modify the judgment. *Snyder*, ¶ 13, 495 P.3d at 879 (citation omitted). "W.R.C.P. 60(a) can only 'be used to make the judgment . . . speak the truth' and not 'to make it say something other than what originally was pronounced.'" *Id.* ¶ 16, 495 P.3d at 879–880 (quoting 11 Charles A. Wright et al., *Fed. Prac. & Proc. Civ.* § 2854 (3d ed. April 2020)). As such, the relief requested

---

[2] The Decree's language prevents Wife from receiving her adjudicated portion directly from DFAS. We have not been asked to address, and take no position on, whether Wife could obtain relief in a civil action against Husband.

cannot result in a "substantive alteration" of the Decree. *See id.* (quoting *Brown v. Jerding*, 2020 WY 123, ¶ 17 n.6, 472 P.3d 1038, 1043 n.6 (Wyo. 2020)).

[¶14] Wife requests only that the formula used to calculate the marital portion of Husband's retired pay be articulated in reserve points rather than months. The formula in the Decree calculates a ratio of months of service during marriage to total months of service to represent the retired pay Husband accrued during the parties' marriage. Clarifying or correcting the formula to use reserve points would require the court to calculate the number of points Husband earned during the marriage in relation to the total number of points he earned during his service. This clarification or correction would still determine what proportion of Husband's retired pay was earned during the marriage. It would in no way alter the 50% adjudicated to Wife. As such, Wife's requested clarification or correction would not modify the original judgment.

[¶15] This case is similar to *Wyland*, 2006 WY 93, 138 P.3d 1165. There, the wife petitioned the district court to clarify a qualified domestic relations order (QDRO) when the United States Air Force was unable to divide husband's retirement benefits without further guidance. *Id.* ¶ 5, 138 P.3d at 1167. The court clarified its previous QDRO, adding a formula to effectuate the divorce decree's grant of 50% of husband's retirement benefits to the wife. *Id.* ¶ 6, 138 P.3d at 1167. This Court affirmed under Rule 60(a), concluding the decree contained a clerical mistake which prevented wife from collecting her adjudicated marital portion. *Id.* ¶¶ 11, 13, 138 P.3d at 1169. Further, we held the district court's clarification in the QDRO was not in error because it effectuated the intent of the divorce decree. *Id.* ¶ 12, 138 P.3d at 1169; *see also Snyder*, ¶ 16, 495 P.3d at 879–80. As in *Wyland*, the Decree contains a clerical mistake that prevents the distribution of Wife's marital portion of Husband's military retired pay. The Decree therefore can, and should, be clarified under Rule 60(a).

## CONCLUSION

[¶16] The Decree's use of "months" instead of "reserve points" was a clerical mistake under our W.R.C.P. 60(a) precedent. Clarifying or correcting the formula to use "reserve points" will not modify the original judgment. The district court therefore erred as a matter of law in denying Wife's W.R.C.P. 60(a) motion. We reverse and remand for proceedings consistent with this opinion.