2009 WY 116

**Steven Edward PAINOVICH, Appellant (Defendant),**

v.

**Jacqueline Louise PAINOVICH, Appellee (Plaintiff).**

No. S–09–0031.

Supreme Court of Wyoming.

Sept. 22, 2009.

502

Representing Appellant: James M. Peterson and John M. Kuker of Romsa & Kuker, LLC, Cheyenne, Wyoming.

Representing Appellee: John A. Zebre of Zebre Law Offices, P.C., Rock Springs, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1]   On July 11, 2006, Jacqueline Louise Painovich (the appellee) filed for divorce from her husband, Steven Painovich (the appellant).   The appellant subsequently answered the complaint and retained counsel. Following a hearing to dispose of the marital property, in which the appellant failed to appear, the district court entered judgment in favor of the appellee.   The appellant filed a Motion to Vacate Judgment pursuant to W.R.C.P. 60(b), which motion the district court denied.   Finding no abuse of discretion, we will affirm the district court's denial of the motion.

## ISSUE

[¶ 2]   Did the district court commit an abuse of discretion in denying the appellant's W.R.C.P. 60(b) motion?

## FACTS

[¶ 3]   After twelve years of marriage, the appellee, through her attorney, filed for divorce against the appellant.   The appellant was properly served the summons and complaint.   He subsequently filed an answer and counterclaim.   The district court entered a decree of divorce and a hearing was then set relating to the division of property.   Proper notice indicating the time and date of the hearing was sent to both parties.   The appellant failed to appear at the hearing and the district court entered judgment dividing the marital property.   The judgment was entered on January 11, 2008.   Proper notice of the judgment was sent to both parties.

[¶ 4]   On August 25, 2008, approximately seven months after entry of the property division judgment, the appellant filed a motion to vacate the judgment pursuant to W.R.C.P. 60(b).   Following a hearing on the motion, the district court denied the motion to vacate the judgment.   The appellant timely filed a notice of appeal.

## STANDARD OF REVIEW

[¶ 5]   Review of a court's decision on a Rule 60(b) motion is confined to a determination of whether the court abused its discretion, and it is the movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof.   We will reverse an order denying relief under Rule 60(b) only if the trial court clearly was wrong.

*In re Injury to Seevers,* 720 P.2d 899, 901 (Wyo.1986).

## DISCUSSION

[¶ 6]   The appellant asserts that the district court abused its discretion when it denied his motion to vacate the judgment pursuant to W.R.C.P. 60, which provides as follows:

(a) *Clerical mistakes.* — Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

(b) *Other reasons.* — On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

[¶ 7]   The appellant's motion alleged:

Said judgment was obtained either by fraud, or as a result of mistake, inadvertence, surprise or excusable neglect, in that the Defendant's failure to appear at the final hearing herein held on December 5, 2007, was the result of a communication

from Plaintiff indicating that the hearing had been cancelled and would be rescheduled.

While the appellant used language from W.R.C.P. 60 in his motion, he did not specify which subsection of the rule he was asking the district court to apply. The only specific allegation was that he failed to appear at the hearing because the appellee told him that it had been cancelled. Such a claim sounds of fraud, and so we assume that he was seeking relief from the judgment under W.R.C.P. 60(b)(3). This assumption is further necessitated by the fact that the appellant did not file a legal memorandum supporting the motion, and the record on appeal contains no transcript of the hearing. Essentially, the motion is the only evidence in the record supporting the appellant's claim.

[¶ 8] We have stated that "the express purpose of Rule 60(b) 'is to provide the courts with the means of relieving a party from the oppression of a final judgment or order, on a proper showing' where such judgments are 'unfairly' or 'mistakenly' entered." *Erhart v. Flint Eng'g & Constr.*, 939 P.2d 718, 722 (Wyo.1997) (quoting *Westring v. Cheyenne Nat'l Bank*, 393 P.2d 119, 123–24 (Wyo.1964)). A motion pursuant to W.R.C.P. 60(b) must be clearly substantiated. *Atkins v. Household Fin. Corp. of Casper*, 581 P.2d 193, 195 (Wyo.1978). "[W]here fraud and misrepresentation is relied upon as a ground for relief sought pursuant to a Rule 60(b) motion, it must be proved by clear and convincing evidence. Fraud is never presumed, and the burden of proof to clearly establish such fraud or misrepresentation is upon the party seeking relief." *Crawford v. Crawford*, 757 P.2d 563, 567 (Wyo.1988) (quoting *Stevens v. Murphy*, 680 P.2d 78, 79 (Wyo.1984)).

[¶ 9] We have repeatedly stated that "[i]t is the appellant's burden to bring a complete record to this Court" for review. *Beeman v. Beeman*, 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo.2005). When the appellant fails to provide an adequate record on appeal, "we must accept the district court's findings as being based upon sufficient evidence." *Witowski v. Roosevelt*, 2009 WY 5, ¶ 37, 199 P.3d 1072, 1083 (Wyo.2009). As noted, above, essentially the only evidence in

the record is the appellant's own motion. *See supra* ¶ 7. The record contains absolutely no evidence of what, if anything, the appellant presented to the district court to support his claim. The appellant's failure to provide us with more than an unsubstantiated claim of fraud prevents us from concluding that the appellant satisfied his burden of bringing his claim within W.R.C.P. 60(b). Accordingly, there is no way for us to say that the district court abused its discretion in denying appellant's motion to vacate.

[¶ 10] After the W.R.C.P. 60 motion was denied, the appellant filed a subsequent motion for relief from judgment pursuant to W.R.C.P. 60(b) where he more specifically articulated his arguments for relief. Although this motion was also denied, the appellant did not appeal that denial. Nevertheless, that motion was included in the record on appeal, and many of the arguments he makes on appeal are based on contentions he made in the second motion.

[¶ 11] W.R.A.P. 2.01 requires that an appeal from a district court be taken by filing a notice of appeal within thirty days from the entry of an appealable order. Furthermore, W.R.A.P. 2.07 sets forth the substance of what must be contained within the notice of appeal, including identifying the judgment or appealable order that is being appealed and attaching, as an appendix, the order or judgment that is being appealed. "The notice of appeal effects an appeal of the order identified in the notice." *Nish v. Schaefer*, 2006 WY 85, ¶ 23, 138 P.3d 1134, 1143 (Wyo.2006). These requirements were not met. The appellant failed to appeal the denial of the motion for relief from judgment as required by the Wyoming Rules of Appellate Procedure. Consequently, the latter claims and arguments are not properly before us, and we cannot consider them in this appeal. We are limited to the consideration of whether the district court abused its discretion in denying the original Motion to Vacate Judgment. *See Nish*, 2006 WY 85, ¶¶ 22–24, 138 P.3d at 1142–43; *Dep't of Family Servs. v. PAJ*, 934 P.2d 1257, 1259–60 (Wyo.1997).

## CONCLUSION

[¶ 12]   After reviewing the record on appeal, we cannot say that the district court abused its discretion in denying the appellant's motion to vacate, filed pursuant to W.R.C.P 60.   The appellant failed to provide a record on appeal adequate for us properly to evaluate the district court's exercise of discretion.   Furthermore, many of the appellant's arguments in this appeal were related to the denial of a second W.R.C.P. 60 motion that was not appealed.   Accordingly, we affirm.