# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 131

OCTOBER TERM, A.D. 2013

*October 17, 2013*

THOMAS P. CAMPBELL,

Appellant
(Petitioner),

v.

S-13-0042

TAMMIE J. HEIN, f/n/a TAMMIE J.
CAMPBELL,

Appellee
(Respondent).

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*
    Christopher M. Wages of Goddard, Wages & Vogel, Buffalo, WY.

*Representing Appellee:*
    Brooke M. Barney of Barney & Graham, LLC, Sheridan, WY.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Thomas Campbell (Husband) and Tammie Hein (Wife) were divorced in 2008 pursuant to a stipulated Property Settlement, Child Custody, Child Support Agreement. In 2010, Husband petitioned to reopen the Decree of Divorce, alleging that Wife had misrepresented material facts related to the parties' division of debt.  The district court denied Husband's petition, and Husband appeals.  We affirm.

## ISSUE

[¶2]    Husband states the issue on appeal as follows:

> Whether the District Court erred when it entered its *Order Denying Petition to Reopen Decree of Divorce and Counterclaim*, dated November 30, 2012, and denied *Defendant's Petition to Reopen Decree of Divorce.*

## FACTS

[¶3]    Husband and Wife were married in 1992 and separated in 2007.  In December 2007, Husband and Wife met to discuss a divorce settlement and, in particular, division of the marital debts.  From that meeting, the parties created a list of the marital debts, which included two loans from Wife's parents, Bill and Anita Wirth, and a loan from Wife's sister, Sherri Wirth.  The balances owed on the loans from Wife's parents were $30,000.00 and $25,688.00.  Husband and Wife agreed to divide the first loan from Wife's parents evenly, with each party responsible for $15,000.00 of the debt.  With respect to the second loan from Wife's parents, they agreed that Husband would be responsible for $18,188.00 of the debt and Wife would be responsible for $7,500.00.  The loan from Wife's sister was in the amount of $12,118.00, and Wife agreed to be responsible for that debt.  The loans identified as loans from Wife's family were all loans made to Husband and Wife to help pay off debt incurred during their marriage.

[¶4]    On October 8, 2008, Wife filed a Complaint for Divorce in the Fourth Judicial District Court, Sheridan County.  The Complaint incorporated and attached a Property Settlement, Child Custody, Child Support Agreement (Agreement), signed by both Husband and Wife.  The Agreement incorporated a document entitled "Debt Summary," which divided between Husband and Wife over $267,000.00 in marital debt.  Included in the Debt Summary were the debts owed to Wife's parents and sister, and the summary allocated responsibility for those debts in the manner previously agreed upon by the parties.  On December 3, 2008, the district court entered a Decree of Divorce, which incorporated the terms of the parties' Agreement, including the stipulated Debt Summary.

1

[¶5]   On June 16, 2010, Husband filed a petition to reopen the divorce decree pursuant to Rule 60(b) of the Wyoming Rules of Civil Procedure and Wyo. Stat. Ann. § 1-16-401. As grounds for reopening, Husband alleged that Wife intentionally misrepresented material facts concerning the parties' division of debts at the time the divorce decree was entered.  In particular, Husband alleged that Wife made misrepresentations concerning the debt owed to her sister and concerning a vehicle loan.  Husband asserted that Wife's fraud and/or misrepresentations caused him to accept responsibility for substantially more debt than he should have been allocated and resulted in an unfair and unjust judgment.

[¶6]   On November 27, 2012, an evidentiary hearing was held on Husband's petition. Although it is not clear from the record when or how it occurred, at some point in the proceedings, Husband's claim regarding the vehicle loan was resolved or otherwise disposed of and Husband added claims regarding the two loans from Wife's parents. Thus, at the evidentiary hearing, the debts at issue were the loans from Wife's family— the two loans from Wife's parents and the loan from Wife's sister.  With regard to the loan from Wife's sister, Husband claimed that Wife's sister never loaned Wife money and that the money at issue was in fact a gift from David Hein, the man Wife would eventually marry after divorcing Husband.  With regard to the two loans from Wife's parents, Husband alleged that Wife lied about the existence of the loans and claimed that no amount was owed to Wife's parents.

[¶7]   On November 30, 2012, the court issued an order denying Husband's petition to reopen the divorce decree.[1]  In so ruling, the court stated:

> Much of the evidence presented related to debt owed by the parties to Respondent's parents.  This debt was disputed, and evidence exists that a promissory note alleged to have been signed by Respondent was not really signed by her.  However, this does not rise to a level sufficient enough to reopen the decree.  Rather, the existence of the debt is disputed, and apparently at issue in litigation in Oregon between Petitioner and his former in-laws.
> Respondent misrepresented the nature of a loan from her sister to her, which was actually from her boyfriend, now husband.  However, the Court finds that such debt existed and was allocated to Respondent in the stipulated settlement between the parties.  While such conduct by Respondent should not be condoned, the Court finds that the

---

[1]  Wife filed a counterclaim contending that Husband had misrepresented the amount of one of his claimed marital debts.  In addition to denying Husband's petition, the court found Wife had failed to prove her counterclaim.  Wife did not appeal that ruling, and that finding in the court's order is therefore not at issue.

2

misrepresentation of the source of the loan is insufficient to reopen the decree of divorce.

## STANDARD OF REVIEW

[¶8]    This Court reviews a decision on a motion to modify a judgment, whether pursuant to W.R.C.P. 60(b) or Wyo. Stat. Ann. § 1-16-401, for an abuse of discretion. *Painovich v. Painovich*, 2009 WY 116, ¶ 5, 216 P.3d 501, 503 (Wyo. 2009); *Barnett v. Barnett*, 704 P.2d 1308, 1310 (Wyo. 1985). We have said:

> Review of a court's decision on a Rule 60(b) motion is confined to a determination of whether the court abused its discretion, and it is the movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof. We will reverse an order denying relief under Rule 60(b) only if the trial court clearly was wrong.

*Painovich*, ¶ 5, 216 P.3d at 503 (citing *In re Injury to Seevers*, 720 P.2d 899, 901 (Wyo. 1986)).

[¶9]    A court abuses its discretion when its decision exceeds the bounds of reason under the circumstances. *Jacoby v. Jacoby*, 2004 WY 140, ¶ 9, 100 P.3d 852, 855 (Wyo. 2004).

> In determining whether an abuse of discretion has occurred, our primary consideration is the reasonableness of the district court's decision in light of the evidence presented. We view the evidence in the light most favorable to the district court's determination, affording every favorable inference to the prevailing party and omitting from our consideration the conflicting evidence.

*Jensen v. Milatzo-Jensen*, 2013 WY 27, ¶ 7, 297 P.3d 768, 772 (Wyo. 2013) (quoting *In re Paternity, JWH v. DAH*, 2011 WY 66, ¶ 5, 252 P.3d 942, 945 (Wyo. 2011)).

## DISCUSSION

[¶10] Husband brought his petition to reopen the parties' divorce decree pursuant to Rule 60(b) and § 1-16-401, both of which provide mechanisms to avoid the bar of *res judicata* and modify a decree's property or debt division based on the fraud or misrepresentations of a party to the judgment.

> In very limited situations a property division may be reopened and modified or vacated contrary to the bar of *res judicata*. Subject to specific time limitations, W.R.C.P. 60(b) and W.S. 1–16–401, *et seq.* authorize district courts to modify or vacate a judgment for fraud, mistake, inadvertence or irregularity.

*Harshfield v. Harshfield*, 842 P.2d 535, 538 (Wyo. 1992).

[¶11] The purpose of these provisions "'is to provide the courts with the means of relieving a party from the oppression of a final judgment or order, on a proper showing' where such judgments are 'unfairly' or 'mistakenly' entered." *Painovich*, ¶ 8, 216 P.3d at 504 (quoting *Erhart v. Flint Eng'g & Constr.*, 939 P.2d 718, 722 (Wyo. 1997)). The grounds for such relief must be clearly substantiated, and where fraud and misrepresentation is alleged, it must be proved by clear and convincing evidence. *Painovich*, ¶ 8, 216 P.3d at 504. "Fraud is never presumed, and the burden of proof to clearly establish such fraud or misrepresentation is upon the party seeking relief." *Id.* (quoting *Crawford v. Crawford*, 757 P.2d 563, 567 (Wyo.1988)).

## A.     Loans from Wife's Parents

[¶12]  We turn first to Husband's claim regarding the two loans from Wife's parents, and more particularly his allegation that Wife fabricated the loans. The loans from Wife's parents were listed as the first two debts on the Debt Summary, which summary was incorporated into the parties' Agreement and the divorce decree. The loans were identified as "Bill Wirth first loan," with a balance of $30,000.00, and "Bill Wirth second loan," with a balance of $25,688.00. The loans from Wife's parents were further referenced in both the parties' Agreement and the divorce decree with the following provision, our emphasis added:

> The Wife and Husband agree to sell the marital home located at 716 W. Ridge Drive, Omak, Washington. During that period of time the Husband agrees to make all house payments, pay for all insurance and property taxes. The Wife and Husband agree to work together to sell the home as soon as possible for a reasonable amount and in the event the home is not sold within six (6) months the parties agree to communicate in an effort to decide upon a sale price for the home and list the home for sale. If the home is listed for sale all realtor's fees will be paid from the proceeds of sale, the first mortgage satisfied and ***if there are any excess proceeds those will be paid over to the Wife's parents in an effort to***

4

*satisfy as much as possible the outstanding amounts owed to the Wife's parents*.

[¶13] In its decision regarding the debt to Wife's parents, the district court acknowledged that the debt was disputed, that it was the subject of separate litigation between Husband and Wife's father, and that there were questions regarding the authenticity of Wife's signature on a promissory note to her parents. The court concluded, however, that this was not a sufficient basis to reopen the divorce decree. In other words, the court found that Husband did not present clear and convincing evidence that Wife fabricated the loans from her parents.

[¶14] Husband contends that the district court abused its discretion, and in so arguing on appeal, he cites to a litany of evidence that this Court should accept as clear and convincing evidence that Wife fabricated the loans from her parents. We reject Husband's argument because it asks this Court to do the very thing that our standard of review precludes—to reweigh the evidence and give all favorable inferences to the evidence supporting Husband's position. Instead, consistent with our standard of review, we view the evidence in the light most favorable to the court's determination and give every favorable inference to the prevailing party while omitting from our consideration the conflicting evidence. When we consider the record in this manner, we find no abuse of discretion in the court's refusal to reopen the decree to address concerns related to the loans from Wife's parents.

[¶15] The record contains evidence from both Husband and Wife that loans were taken from Wife's parents. Husband testified to a general knowledge of loans from Wife's parents:

> Q. Okay. Do you recall testifying in your deposition that you were aware that Mrs. Hein owed money to her parents during your marriage?
> A. Correct.
> Q. Okay. But it's your testimony today that you didn't know anything about these loans until December of 2007?
> A. Those specific loans, correct.
> Q. Okay. So you knew there was money out there that she owed, just not these specific loans?
> A. I didn't know how much. There was money going back and forth all the time.
> Q. Okay. So you knew that there were loans, you just didn't know the amounts?
> A. I didn't know about these two specific loans.

5

[¶16] Wife testified with more specificity about the 2001 and 2003 loans from her parents and the reasons for those loans. She testified that the 2001 loan was for $40,000.00, and that the 2003 loan was for $30,000.00, that both she and Husband spoke to her parents when they requested the loans, and that the loans were used to pay off marital debt, including multiple credit card balances. Wife also presented documentary evidence of the loans in the form of a 2001 wire transfer record and a copy of a 2003 deposited check from Wife's parents. Finally, Wife also testified that at her father's request she signed a promissory note for the portion of the debt to her parents for which she had accepted responsibility, and she disputed the expert evidence that the signature on her promissory note was not her own.

[¶17] Wife's father, Bill Wirth, also testified concerning the 2001 and 2003 loans. Mr. Wirth confirmed the amounts of each loan, and he testified that both Husband and Wife asked him for the loans and told him the loans were to pay off debt the couple had accumulated during their marriage. Mr. Wirth further testified that he did not ask for written agreements from Husband and Wife when he originally made the 2001 and 2003 loans, and that he asked for promissory notes from each party only after they separated, due to his concern that the loans would not be repaid. Mr. Wirth testified that Wife provided him a signed promissory note but Husband did not.

[¶18] Considering the evidence the district court had before it, we can find no fault in the court's refusal to reopen the divorce decree to address Husband's claim that Wife fabricated the loans from her parents. Accepting as true the evidence presented by Wife, the prevailing party, we are able to find no abuse of discretion in the court's conclusion that Husband did not present clear and convincing evidence of fraud relating to the debt owed to Wife's parents.

## B.    Loan from Wife's Sister

[¶19] We next address Husband's contention that the district court should have reopened the divorce decree to address Wife's misrepresentations concerning a loan she claimed to have received from her sister, Sherri Wirth, to pay certain marital debt. In the division of debt between Husband and Wife, Wife agreed to take the $12,118.00 debt she claimed was owed to her sister for funds borrowed to pay down marital debt. Husband asserts that this allocation of debt to Wife caused him to assume a greater share of the remaining marital debt. He argues this resulted in an unfair and fraudulent allocation of debt to him because the loan was not in fact a loan from Wife's sister and was instead a gift from Wife's then boyfriend and now husband, David Hein. Husband claims that the court abused its discretion when the court found that Wife did in fact misrepresent from whom she received the loan and still denied Husband's petition to reopen. We disagree.

[¶20] Wife did admit in her testimony that she misrepresented the identity of the person from whom she received the $12,118.00 loan assigned to her in the parties' debt

6

allocation, and that she had in fact received the money from David Hein and not her sister. Wife also testified, however, that the money she received from Mr. Hein was a loan and not a gift, that she used the proceeds from the loan to pay down debt she and Husband accumulated during their marriage, and that she repaid Mr. Hein in full when she had funds available to repay the loan. Mr. Hein also testified that the money he provided to Wife was a loan, that Wife repaid him in October 2010, and that he deposited the funds received from Wife into his individual personal investment account.

[¶21] Considering the evidence before the district court, we again can find no fault in the district court's refusal to reopen the divorce decree to address Husband's concerns with this particular debt allocation to Wife. While Wife may have misrepresented the identity of the party from whom she received the $12,118.00 loan, the evidence presented by Wife, again the prevailing party, was that she used the funds to pay down debt incurred by Wife and Husband during their marriage, and that the money was a loan and not a gift. Given this evidence, we cannot find that the district court abused its discretion in finding that this debt allocation to Wife did not result in an overall allocation of debt that was mistaken or unfair.

## CONCLUSION

[¶22] We find no abuse of discretion in the district court's refusal to grant Husband's petition to reopen the parties' divorce decree. Affirmed.