# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 36

OCTOBER TERM, A.D. 2019

March 11, 2020

KIRA KAY OLSON,

Appellant
(Defendant),

v.                                                              S-19-0160

RONALD RUSSELL SCHRINER,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Tori R.A. Kricken, Judge*

*Representing Appellant:*
>    Sarah J. Manwarren of Jacobs·Polidora, LLC, Laramie, Wyoming

*Representing Appellee:*
>    Tyler J. Garrett of Hathaway & Kunz LLP, Cheyenne, Wyoming

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice.**

[¶1]   This dispute arose out of Ronald Schriner's (Father's) claim that Kira Olson (Mother) failed to reimburse him for medical costs he incurred on behalf of the parties' minor child.  Mother appeals the district court's denial of her W.R.C.P. 60(b) motion to set aside the court's judgment, which required her to pay not only the medical costs but also the attorney fees and costs Father incurred in collecting the amounts owed and post judgment interest.  She also appeals the court's order requiring her to pay fees and costs Father incurred in responding to her Rule 60(b) motion.  We affirm.

## ISSUES

[¶2]   Mother presents three issues on appeal, which we summarize and restate as:

> 1)   Did the district court abuse its discretion in denying Mother's W.R.C.P. 60(b) motion to set aside its judgment requiring her to pay post judgment interest and the attorney fees and costs Father incurred in collecting amounts owed for their minor child's medical costs?
>
> 2) Did the district court abuse its discretion in ordering Mother to pay the attorney fees and costs Father incurred in responding to Mother's Rule 60(b) motion?

## FACTS

[¶3]   Mother and Father never married but are the biological parents of a child born in 2003.  On August 24, 2007, the district court entered a decree that gave Father primary custody of the child, established a visitation schedule for Mother, and set child support to be paid by Mother.  In 2015, the court modified the decree to expand Mother's visitation and increase her child support obligation.  The order modifying the decree further provided:

> 32.   In light of the Affordable Health Care Act (ACA) and Mr. Schriner's ability to provide health insurance through his place of employment, the Court will order that Mr. Schriner provide all health insurance coverage for [the child].  The parties shall split evenly (50/50) the cost of unpaid medical, dental, counseling, and optical bills and deductibles. Copies of bills evidencing any such amounts, together with Explanation of Benefit (EOBs), shall be provided by the party in receipt of such documentation to the other within thirty (30) days of receipt and Ms. Olson shall reimburse Mr. Schriner within thirty (30) days of the date of receipt of those EOBs.

1

36.   The parties are ordered to cooperate regarding all major parenting decisions, including [the child's] education and health care.  However, if the parties are unable to reach an agreement on these issues, Mr. Schriner, as the custodial parent, has the final authority of the issue.  Still, he is required to consult with Ms. Olson, in good faith, before implementing this authority.

[¶4]   On October 4, 2018, Mother filed a motion for order to show cause why Father should not be held in contempt for not permitting the child to travel to France without a parent in the summer of 2019, and for not consulting with Mother on a couple of counseling and education-related issues.  On November 7, 2018, Father filed his own motion for order to show cause why Mother should not be held in contempt for failing to pay one-half of several medical bills that Father had presented to her for payment.  On December 12, 2018, the district court issued an Order on Show Cause Hearing.  The court denied both motions, but as to Father's motion, it ordered in part:

On or before December 30, 2018, [Mother] shall either: (a) pay $763.36 to [Father] as her one-half share of medical bills incurred through the date of the hearing; or (2) produce written proof to [Father] that she has already paid the same[.]

[¶5]   Mother did not take either of the required actions by December 30, 2018.  Instead, on January 2, 2019, Mother filed a notice of compliance with the district court.  That notice stated in part:

2.   The *Order on Show Cause Hearing* required [Mother] to either pay $763.36 to [Father] as her one-half share of medical bills, or produce written proof to [Father] that she has already paid the same.

3.   Provided herein with this *Notice of Compliance* are copies of bills [Mother] has paid for the minor child in the amount of $697.49.  [Father] is responsible for $339.74 for his share of these bills.

4.   Therefore, [Mother] is aware she must pay to [Father] the total of $423.62, on or before December 31, 2018. [Mother] will make payments to [Father] on this amount since she does not have it available currently.  She will provide

notice to the court of each payment made and it will be sent directly to his attorney.

[¶6]   Mother's January 2 notice of compliance had no medical bills attached to it as represented in the notice.  On January 3, 2019, Mother filed a second notice of compliance with the court, which informed it that on that same date she had mailed a money order in the amount of $100.00 to Father's attorney.

[¶7]   On January 7, 2019, Father objected to Mother's notices of compliance.  He stated in part:

> 2.      [Mother] did not pay any money to [Father] on or before December 31, 2018.
>
> 3.      Instead, on January 2, 2019, she filed a Notice of Compliance, wherein she represents that she attached copies of bills she has apparently paid but failed to attach any copies of any documents to the notice.
>
> 4.      Notwithstanding, from the way [Mother's] Notice is drafted, it reads like [Mother] found "new" bills she allegedly paid, never before produced to [Father] for payment and never submitted to insurance.  Also, these bills were not at issue or admitted into evidence at the show cause hearing.  In short, these are bills never before seen by anyone but [Mother].
>
> * * * *
>
> **WHEREFORE**, [Father] respectfully requests that the Court enter a judgment in the amount of $663.36 against [Mother] and in favor of [Father], which reflects the Court Ordered amount of $763.36 less $100 [Mother] paid and grant him such other and further relief as the Court deems just.

[¶8]   On January 10, 2019, the court entered an Order on Judgment, which provided that:

> a judgment shall be and hereby is entered in favor of [Father] and against [Mother] in the amount of $663.36, together with post judgment interest at the statutory rate and attorneys' fees and costs necessary to collect on the judgment.

[¶9]   On February 13, 2019, Mother filed a third notice of compliance by which she informed the court that on that same date she had mailed a second money order in the

3

amount of $100.00 to Father's attorney. On March 27, 2019, Mother filed a fourth notice of compliance, this time informing the court that the U.S. Department of the Treasury had withheld $662.00 from her tax refund to pay her outstanding child support debt. Mother stated:

> 3.    [Mother] has paid a total of $862.00 for this judgment, resulting in a $125.64 overpayment on this judgment, resulting from the US Department of Treasury withholding $662.00 for this judgment.
>
> 4.    [Mother] has not been refunded by [Father] for the medical bills she provided to him in December, 2018, in the amount of $679.49, of which he is responsible for $339.74.
>
> 5.    [Mother] has over paid now $465.38 in medical bills, but is not asking [Father] for a refund, but for a future credit towards this.
>
> 6.    [Mother] is providing this notification to indicate compliance with this Court's Order entered December 12, 2018.

[¶10] On April 11, 2019, Father filed an opposition to Mother's March 27 notice of compliance. He again objected to Mother's unsupported assertion that he owed her for medical costs or that she was entitled to a credit for those amounts. He further stated:

> 6.    The fact that [Mother] has filed another Notice of Compliance after the Court already addressed this exact same issue is bad faith by [Mother]. [Mother] is still advising the Court that [Father] has an obligation to do something she knows he does not. [Mother's] filing violates the Wyoming Rules of Civil Procedure, Rule 11.
>
> * * * *
>
> 9.    Pre-judgment interest at the statutory rate of 7% from February 1, 2018, which is the date of entry of the most recent invoice, until January 10, 2019, which is the date of entry of the Judgment, totals $57.40.
>
> 10.    Post-Judgment interest at the statutory rate of 10% from January 10, 2019, the date of the entry of the Judgment, until

4

payment is released by the U.S. Treasury to [Father] on September 20, 2019, is $46.10.

11. The remaining balance on the Judgment entered January 10, 2019 is $1.36.

12. [Father] has incurred attorney's fees and costs necessary to collect the amounts due and owing in the amount of $1,108.11. Attached hereto is an Affidavit from counsel setting forth the reasonableness of attorneys' fees.

13. [Father] submits his First Supplement to Order on Judgment outlining a partial satisfaction of judgment in the amount of $662.00 and accounting for post-judgment interest, costs and attorneys' fees.

[¶11] On April 18, 2019, Mother responded to Father's opposition and counterclaimed for her attorney fees and the amount she claimed Father owed her for their child's medical costs. On April 19, 2019, the district court entered its First Supplement to Order on Judgment. The court noted that the tax refund would be released to Father on September 20, 2019, leaving a balance of $1.36 on the January 10, 2019 judgment. The court then entered a judgment in the amount of $1,108.11, which consisted of the balance owing and an award of pre and post judgment interest, as well as attorney fees and costs.

[¶12] On April 23, 2019, Mother moved for relief from the judgment pursuant to W.R.C.P. 60(b)(5) and (6). Mother contended that after factoring in her two $100.00 payments, the tax refund, and the amount Father owed to Mother, her balance owing to Father as of March 13, 2019, was a negative $420.95. She thus argued that it was unreasonable to award Father's attorney fees and costs, which were incurred in April 2019, after the asserted March 13, 2019 negative balance. She further argued that Father was not entitled to prejudgment interest and that post judgment interest had been miscalculated. On May 8, 2019, Father filed an opposition to the Rule 60(b) motion and requested an award of attorney fees and costs incurred in responding to the motion.

[¶13] On May 13, 2019, the district court entered its Second Supplement to Order on Judgment. It withdrew its award of prejudgment interest and recalculated post judgment interest to account for both of Mother's $100.00 payments. The court otherwise denied Mother's request for relief and awarded Father attorney fees and costs. In so ruling, it reasoned:

8. In her March 27, 2019 *Notice of Compliance*, [Mother] asserted that she has now overpaid [Father] in the amount of $125.64. Such calculations arise from [her] two (2) payments

of $100.00 and the $662.00 that the IRS withheld from [her] tax refund for forwarding to [Father], for a total of $862.00. In both of her notices, [Mother] also asserted that she incurred a medical bill for the parties' minor child in the amount of $679.49; that she forwarded to [Father] a copy of said medical bill; and that he owes her one-half of the amount due, which is an amount of $339.74. Ultimately, [Mother] asserts that [Father] owes to her $465.38, an amount she wishes to use as a credit toward future medical bills incurred by [Father] on behalf of the minor child.

9.    [Mother] has not provided to this Court copies of the medical bills she claims to have incurred on behalf of the minor child, and, therefore, this Court will not consider the same in its determination of the amount due and owing by [Mother] to [Father]. In any event, such claim is not properly before the Court, as these bills were not at issue or admitted into evidence at the show cause hearing. Accordingly, this Court has found that it is not appropriate to "credit" this amount to [Mother] for future medical bills incurred by [Father] on behalf of the minor child.

* * * *

24.    Here, to date, [Father] has been paid a total of $200.00 by [Mother]. [Mother] would assert that her debt was paid in full and in excess on March 13, 2019. However, [Father] has not yet received these funds, which were due to him, per this Court's order, on or before December 30, 2018. In fact, [Father] is not expected to receive those funds until September 20, 2019, nearly nine (9) months after they were due to him. It would then follow that [Mother's] debt has not yet been paid in full, and any "credit" she claims would be nonexistent.

25.    As a result, [Father] asserts that [Mother] owes to him post-judgment interest through the date of September 20, 2019, when the judgment is expected to be satisfied. This Court agrees, and did order post-judgment interest on January 10, 2019. Until [Father] has been paid in full, the judgment will continue to accumulate post-judgment interest. Accordingly, this Court has calculate[d] post-judgment interest in the amount of $39.26, which will have accumulated between January 10, 2019 and September 20, 2019. As a matter of

fairness, this Court will not order any prejudgment interest payment on the debt.

26. Also on January 10, 2019, this Court ordered [Mother] to pay [Father's] attorney's fees and costs necessary to collect on the judgment. On April 19, 2019, this Court ordered [Mother] to pay $1,003.25 in [Father's] attorney's costs and fees. [Mother] now asserts that, since the judgment had been paid in full prior to April 19, 2019, that [Father's] $1,003.25 in attorney's fees were unrelated to the collection of the judgment. However, the judgment has not yet been satisfied and will not be satisfied until [Father] is paid in full. Furthermore, [Father] incurred these attorney's fees objecting and responding to [Mother's] notices of compliance.

27. Rule 11(b) of the Wyoming Rules of Civil Procedure states that a party may be entitled to an award for attorney's fees if the court determines that the opposing party has "needlessly increased the cost of litigation."

28. Here, [Mother] has done just that. [Mother] was court-ordered to pay to [Father] $763.67 on or before December 30, 2018. She did not do so. Instead, she made two incremental payments, had her tax refund garnished, and filed various notices of compliance with this Court, necessitating [Father's] response to the same, and incurring attorney's fees and costs. Had [Mother] abided by this Court's *Order on Show Cause Hearing*, filed December 12, 2018, [Father] would not have accumulated more than two thousand dollars ($2,000.00) in attorney's fees collecting on the debt. Accordingly, this Court reiterates [Mother's] obligation to satisfy [Father's] attorney's fees and costs related to collection on the judgment.

29. Therefore, accounting for this Court's mathematical error and inadvertent inclusion of prejudgment interest, [Mother] shall pay to [Father] $1,047.37 (revised and reduced as explained herein) on or before May 19, 2019, as was ordered on April 19, 2019. In addition, within sixty (60) days from the date of this order, [Mother] shall pay to [Father] $1,016.00 in attorney's costs and fees, which he has incurred since April 11, 2019 in the collection of this debt.

7

[¶14]  On June 11, 2019, Mother filed a timely notice of appeal to this Court.  She thereafter posted a supersedeas bond with the district court in the amount of $2,063.37.

## DISCUSSION

### A.     Denial of Mother's Rule 60(b) Motion

### 1.     Standard of Review

[¶15]  The only order that Mother appealed was the order denying her request for relief under Rule 60(b)(5) and (6).  We review that denial for an abuse of discretion.

> We review the district court's denial of [a] W.R.C.P. 60(b) motion for abuse of discretion. *Campbell v. Hein*, 2013 WY 131, ¶ 8, 311 P.3d 165, 167 (Wyo. 2013); *Painovich v. Painovich*, 2009 WY 116, ¶ 5, 216 P.3d 501, 503 (Wyo. 2009). "An abuse of discretion occurs where the district court could not reasonably have concluded as it did." *Drury v. State*, 2008 WY 130, ¶ 8, 194 P.3d 1017, 1019 (Wyo. 2008) (citing *Thomas v. State*, 2006 WY 34, ¶ 10, 131 P.3d 348, 352 (Wyo. 2006)). "[I]t is the movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof." *Painovich*, ¶ 5, 216 P.3d at 503 (citing *In re Injury to Seevers*, 720 P.2d 899, 901 (Wyo. 1986)). An order denying relief will be reversed only if the trial court was clearly wrong. *Id.* (citing *Seevers*, 720 P.2d at 901).

*SWC Production, Inc. v. Wold Energy Partners, LLC*, 2019 WY 95, ¶ 5, 448 P.3d 856, 858 (Wyo. 2019).

[¶16]  We have also said:

> An order denying relief under Rule 60(b) is appealable; however, the issue is "severely limited" because "[a]n appeal from a denial of a Rule 60(b) motion addresses only the district court's order denying the motion, and not the underlying decision itself." *Gifford v. Casper Neon Sign Co.*, 639 P.2d 1385, 1388 (Wyo. 1982); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (citation omitted). In other words, "a motion under Rule 60(b) cannot be used as a substitute for [a direct] appeal" of the underlying judgment. *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988) (citing *Morris v. Adams-Millis Corp.*, 758 F.2d

1352, 1357 (10th Cir. 1985) ); *see also Gifford*, 639 P.2d at 1388.

*Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 72, 427 P.3d 708, 728-29 (Wyo. 2018) (footnote omitted).

## 2.    **Analysis**

[¶17]  Mother sought relief from the district court's April 19, 2019 judgment under Rule 60(b)(5) and (6), which provide:

> (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding*. -- On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \* \* \* \*
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

W.R.C.P. 60.

[¶18]  To obtain relief under subsection (b)(5), Mother was required to show that she had already satisfied the judgment when the court entered its April 19 order.  To obtain relief under subsection (b)(6), she was required to show "the existence of unusual circumstances that justify the extraordinary relief requested."  *Essex Holding*, ¶ 72, 427 P.3d at 729 (quoting *31.63 Acres of Land*, 840 F.2d at 761).  The district court denied Mother relief under both provisions and adhered to its ruling that she pay post judgment interest until the judgment is fully paid in September 2019, as well as Father's attorney fees and costs incurred in collecting the judgment.

[¶19]  Mother contends that the district court erred because its original January 10 judgment was fully satisfied on March 13, 2019 when the U.S. Treasury withheld funds from her tax refund.  She argues that the Treasury's action was the equivalent of presenting Father or the court with a check and that once that happened, the judgment was satisfied.  We disagree.[1]

---

[1] Mother's primary argument is that the judgment was satisfied when her tax refund was intercepted.  She also asserts, however, that Father presented no evidence that the intercepted funds were not immediately

[¶20]  We have recognized that a judgment is not paid until funds are made available to the judgment creditor. *Dorr v. Smith, Keller & Assoc.*, 2010 WY 120, ¶ 14, 238 P.3d 549, 553 (Wyo. 2010) (filing of supersedeas bond did not make funds available to judgment debtor and statutory interest thus continued to accrue).  Moreover, we have rejected the argument that a garnishment equates with tendering payment.

> Husband is incorrect, however, in his argument that garnishment of funds is the equivalent of tendering funds to the court. This Court has explained:
>
> > Statutory interest under Wyo. Stat. § 1-16-102(a) accrues from the time of the entry of the judgment "until paid."
> >
> > * * * *
> >
> > The phrase "until paid" as used in Wyo. Stat. § 1-16-102(a) is not defined. Therefore, this court inquires into the ordinary and obvious meaning of the statutory language to determine the legislative intent. *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042 (Wyo. 1993).
> >
> > "Until" is a word of limitation which is used to fix a point in time or establish a point at which a precedent status ceases to exist upon the happening of a condition. *Jones v. Jones*, 402 P.2d 272, 274 (Okla. 1965); Black's Law Dictionary 1540 (6th ed. 1990). "Paid" is the past participle of "pay." The plain meaning of "pay" includes the discharge of a debt by a tender of payment due. Black's Law Dictionary 1128 (6th ed. 1990). "Tender" is an unconditional offer to perform coupled with the ability to carry out the offer and the production of the subject matter of the tender. Black's Law

---

disbursed to him or that they would not be disbursed until September 20, 2019.  While we agree that the record contains only Father's assertions as to the disbursement date, that is not an issue before us on appeal. The district court's April 19, 2019 order stated that the intercepted funds "are scheduled to be released by Child Support Services to [Father] on September 20, 2019."  Mother did not appeal that order, and it is not before us as part of this appeal.  Our review is limited to the district court's denial of Mother's Rule 60(b) motion.  If Mother believed the disbursement date was inaccurate, the burden was on her to establish that through her Rule 60(b) motion.  *See SWC*, ¶ 5, 448 P.3d at 858 ("[I]t is the [Rule 60(b)] movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof.") (quoting *Painovich*, ¶ 5, 216 P.3d at 503).  Mother presented no evidence that a disbursement had been made to Father or that the September 20, 2019 disbursement date was inaccurate.

Dictionary 1467 (6th ed. 1990). *See Radalj v. Union Savings & Loan Ass'n*, 59 Wyo. 140, 184, 138 P.2d 984, 999 (1943).

> *Parker* [*v. Artery*, 889 P.2d 520] at 527-28 [(Wyo. 1995)]. The garnishment of funds is not equivalent to a party depositing money with a court. Garnishment is a statutory process by which funds of a judgment debtor are essentially frozen until the judgment has been satisfied, by whatever means. *See* Wyo. Stat. Ann. § 1-15-406 (LexisNexis 2009). The funds are not required to be paid to the court. Garnished funds thus do not constitute an "unconditional offer to perform coupled with the ability to carry out the offer and the production of the subject matter of the tender" by a party.

*Zaloudek v. Zaloudek*, 2010 WY 169, ¶ 12, 245 P.3d 336, 340-41 (Wyo. 2010).

[¶21]   While the offset of Mother's tax refund was not a garnishment per se, it was similar in principle.  A garnishment is statutorily defined as "any procedure through which the property or earnings of an individual in the possession or control of a garnishee are required to be withheld for payment of a judgment debt."  Wyo. Stat. Ann. § 1-15-501(a)(vi) (LexisNexis 2019).  The similarity between a garnishment and an offset are evident in the January 11, 2019 notice Mother received from the Wyoming Department of Family Services (DFS).  It advised in part:

> The purpose of this letter is to notify you of our intent to collect all or part of past-due child support you owe.  The amount below will be referred to the Administrative Offset and/or Federal Tax Refund Offset Programs.  Under Administrative Offset (31 U.S.C. 3716) certain federal payments that might otherwise be paid to you will be intercepted, either in whole or in part, to pay past-due child support.  Under Federal Tax Refund Offset (42 U.S.C. 664; 26 U.S.C. 6402), any federal income tax refund to which you may be entitled will be intercepted to satisfy your debt.  This action is based on our records which indicate you owe at least $663.36 in child support arrearages as of January 11, 2019.  If you disagree with the amount noted above, you may request an administrative review from the office servicing your child support account.

[¶22]   Just as with a garnishment, the offset required that the Mother's funds be withheld for payment of her judgment debt, which the U.S. Treasury Department did on March 13, 2019.  The funds were not paid to Father, nor were they made immediately available to

him. Thus, just as with a garnishment, the offset funds "do not constitute an 'unconditional offer to perform coupled with the ability to carry out the offer and the production of the subject matter of the tender' by a party." *Zaloudek*, ¶ 12, 245 P.3d at 341.

[¶23] The bottom line is that Mother was required to pay $763.36 to Father by December 30, 2018. She did not do that, and she made no showing that it was done on March 13. The district court thus properly ordered that post judgment interest would continue to accrue. We have explained the policy behind this in other circumstances where payment has not been made available to a judgment creditor.

> Because payment of the judgment is not achieved by posting a supersedeas bond, the district court properly determined that, under the clear language of § 1-16-102 and Rule 4.02, interest continued to accrue on SKA's judgment after Mr. Dorr posted the bond.
>
> This interpretation is consistent with the stated purpose of post-judgment interest which is to "'compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by the defendant.'" *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36, 110 S.Ct. 1570, 1589, 108 L.Ed.2d 842 (1990), quoting *Poleto v. Consol. Rail Corp.*, 826 F.2d 1270, 1280 (3d Cir. 1987). *See also*, *Rufer v. Abbott Laboratories*, 154 Wash.2d 530, 114 P.3d 1182, 1193 (2005) (en banc) (stating that interest is not imposed as a punishment on the judgment debtor but rather a form of compensation for the judgment creditor). If interest did not continue to accrue after a supersedeas bond was posted, the judgment creditor would not be fully compensated and the purpose of the statutory interest requirement would not be served.
>
> . . . Unlike when the judgment amount is paid into the court, a supersedeas bond is not available to the judgment creditor and, consequently, interest continues to accrue on the judgment principal to compensate him for the loss of use of the money.

*Dorr*, ¶¶ 12-14, 238 P.3d 552-53.

[¶24] We likewise reject Mother's claim that the district court should have relieved her of the April 19 order's requirement that she pay Father's attorney fees and costs incurred to collect on the judgment. She argues that the fees and costs were not reasonable because they were earned after March 13, 2019, after the judgment was paid and at a time that

12

collection efforts were no longer required. First, as we discussed above, the judgment was not satisfied on March 13. Moreover, Mother's March 27, 2019 notice of compliance did more than notify the court of the March 13 tax refund offset. It again asserted, and again without supporting documentation, that Father owed her for medical bills she paid on behalf of their child and that she was entitled to a credit for those bills. It further asserted that Mother was in compliance with the court's December 12, 2018 order. We find nothing unreasonable in the court's conclusion that Father would have felt compelled to respond to the allegations as part of his effort to collect on the judgment.

[¶25] Mother was not entitled to relief under Rule 60(b)(5) because she did not show that she had satisfied the judgment before the district court's entry of its April 19 order. She likewise did not show any unusual circumstance that would warrant the extraordinary relief afforded under Rule 60(b)(6). We therefore find no abuse of discretion in the district court's denial of her Rule 60(b) motion.

## B. Attorney Fees and Costs Incurred in Responding to Rule 60(b) Motion

[¶26] A court is authorized to award reasonable attorney fees and costs incurred by a parent in the collection of unpaid medical support. Wyo. Stat. Ann. § 20-2-401(e)(iii) (LexisNexis 2019).[2] The district court found that the fees and costs Father incurred in responding to Mother's Rule 60(b) motion were part of his effort to collect on the judgment and awarded them on that basis.[3] We agree and find no abuse of discretion in the ruling.

## 1. Standard of Review

[¶27] "On appeal of an award of attorney fees, the burden is on the party attacking the district court's ruling to show an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did." *Essex Holding*, ¶ 65, 427 P.3d at 727 (quoting

---

[2] Subsection (e)(iii) states:

> In addition to enforcement by contempt, as provided for in subsection (d) of this section, the obligated parent is liable to the other parent, any person or agency for:
>
> . . . .
>
> (iii) Any reasonable attorney fees and costs incurred in collection [of unpaid medical support] that the court may determine appropriate.

Wyo. Stat. Ann. § 20-2-401(e)(iii).

[3] The court also cited W.R.C.P. 11(b) as a basis for both the April 19 award of attorney fees and costs and the award in response to the Rule 60(b) motion. Although Mother's filings likely did needlessly increase the cost of litigation in this matter, Rule 11 prescribes a process for imposing sanctions, and that process was not followed in this case. Rule 11 was therefore not a basis for the fee awards. *See Edsall v. Moore*, 2016 WY 71, ¶ 13, 375 P.3d 799, 803 (Wyo. 2016) (sanctions not appropriate where Rule 11's strict procedural requirements not followed).

*City of Gillette v. Hladky Constr., Inc.*, 2008 WY 134, ¶ 109, 196 P.3d 184, 212 (Wyo. 2008)).

## 2. Analysis

[¶28]   Mother contends the award of fees and costs to Father for responding to her Rule 60(b) motion was unreasonable, again arguing that no collection efforts were required because the judgment was satisfied on March 13.  As we discussed above, that was not the case.  Additionally, just as with Mother's earlier filings, she continued to assert in her Rule 60(b) motion that the judgment was satisfied and that she was entitled to a credit for amounts that Father owed her.  We again find nothing unreasonable in the court's conclusion that Father would have felt compelled to respond to the allegations as part of his effort to collect on the judgment.  The court therefore did not abuse its discretion in awarding the fees and costs.[4]

[¶29]   Affirmed.

---

[4] The remainder of Mother's arguments relate to the court's statement that her numerous filings since the court's December 12, 2018 order needlessly increased the costs of litigation in this matter.  As we indicated above, Rule 11 did not authorize an award of fees and costs in this case. We affirm solely on the basis that Father incurred the fees and costs as part of his effort to collect on the judgment. We do not therefore address Mother's other arguments.